IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ____ ENTERED
____ LODGED ____ RECEIVED

AUG 27 2007

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ____ DEPUTY

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | * |
| Plaintiff | * |
| v. | * Case Numbers: 05cr1 RWT |
|  | * 06cv2656 RWT |
| **JEREMY DANIEL PARADY,** | * |
| Defendant | * |

## MEMORANDUM OPINION

On April 28, 2005, Jeremy Daniel Parady entered a plea of guilty to Count 1 of the Superseding Indictment, charging Conspiracy to Commit Arson in violation of 18 U.S.C. § 844(n), pursuant to a plea agreement. On December 5, 2005, the Court sentenced Mr. Parady to 87 months' imprisonment, three years' supervised release, and $3,274,538.42 in restitution to various victims. *See* Paper No. 199.

On August 25, 2006, the Government filed a Motion to Reduce Sentence Pursuant to Rule 35 of the Federal Rules of Criminal Procedure. *See* Paper No. 282. After holding a hearing on September 26, 2006, the Court issued an Amended Judgment, reducing Mr. Parady's period of incarceration to 78 months. *See* Paper No. 290.

On October 10, 2006, Mr. Parady filed, *inter alia*, a Motion to Vacate pursuant to 28 U.S.C. § 2255, and a Notice of Appeal. *See* Paper No. 292, 294. The docket reflects that on February 28, 2007, the Court of Appeals dismissed Mr. Parady's appeal upon his own motion, pursuant to Federal

-1-

Rule of Appellate Procedure 42(b).[1]  *See* Paper Nos. 320, 321. On February 12, 2007, the Government filed a response in opposition to Mr. Parady's Motion to Vacate. *See* Paper No. 314. The Court concludes that, as the Government contends, Mr. Parady's Motion to Vacate is subject to dismissal on multiple grounds.

Unless the Court had no power to enter the conviction or impose sentence, "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 US. 504, 508 (1984); *see also United States v. Broce*, 488 U.S. 563, 569 (1989). Mr. Parady does not allege that his counsel rendered ineffective assistance; and the Court certainly had subject matter jurisdiction over the case. Mr. Parady is, therefore, only entitled to relief if his guilty plea was not voluntary or intelligent.

The Court has reviewed the transcript of Mr. Parady's rearraignment proceeding, which, notably, consumes 44 pages. *See* Transcript of Rearraignment, Government's Opp., Exh. B. At that hearing, the Court engaged in extensive, direct dialogue with Mr. Parady regarding his physical and mental state, *see id.* at 5-6, his satisfaction with the services of his counsel, *see id.* at 6, his review of the indictment, *see id.* at 6, his understanding of the terms of his plea agreement with the Government, *see id.* at 6-17, his knowledge of the maximum penalties for the crime to which he was pleading guilty, *see id.* at 19-20, his understanding of the significance of the sentencing guidelines, *see id.* at 20-25, his right to appeal and his contractual waiver of that right pursuant to the terms of

---

[1] Rule 42(b) of the Federal Rules of Appellate Procedure provides:

> **Dismissal in the Court of Appeals.** The circuit clerk may dismiss a docketed appeal if the parties file a signed dismissal agreement specifying how costs are to be paid and pay any fees that are due. But no mandate or other process may issue without a court order. An appeal may be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court.

his plea agreement, *see id.* at 25-26, his understanding of the various rights he was waiving by pleading guilty, *see id.* at 26-30, and his knowledge of the elements of the offense to which he was pleading guilty, *see id.* at 31-32. Mr. Parady indicated, in no uncertain terms, throughout this collquoy and again at the conclusion, that he understood everything the Court had discussed with him, and that he still wished to plead guilty. *See id.* at 37. Under these circumstances, the Court is satisfied that Mr. Parady's plea was both voluntary and intelligent.

Furthermore, as the Government suggests, Mr. Parady's motion pursuant to 28 U.S.C. § 2255 is procedurally defaulted, as he did not raise these issues on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165. Indeed, as the docket reflects, Mr. Parady voluntarily dismissed his appeal to the Court of Appeals for the Fourth Circuit on or before February 28, 2007. *See* Paper Nos. 320, 321.

Accordingly, the Court will, by separate order, deny Mr. Parady's Motion to Vacate, and order the Clerk of the Court to close Civil Action 06-2656-RWT and terminate all related motions pending in Criminal Action 05-1-RWT.

Date: August 27, 2007

ROGER W. TITUS
UNITED STATES DISTRICT JUDGE